ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
LATISHA ROBINSON, ESQ
Nevada Bar No. 15314
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mwessel@psalaw.net
lrobinson@psalaw.net

*Attorneys for Defendant*
*Wal-Mart Stores, Inc. dba Wal-Mart*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTHA SANCHEZ, an individual,

                    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware
Corporation doing business as WAL-MART;
DOES I – X, unknown persons; and ROE
Corporations I-X;

Case No.:

[District Court, Clark County Case No.: A-20-814997-C**,** Dept. No.: XXVI]

**PETITIONER WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**

**[JURY DEMAND]**

        COMES NOW, Petitioner WAL-MART STORES, INC. DBA WAL-MART (hereinafter "Walmart" and/or "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submit the following Petition for Removal of Jurisdiction to Federal Court:

                                            I.

        Petitioner is a named Defendant in the above-captioned action.

. . .

. . .

II.

The above-entitled action was commenced by Plaintiff MARTHA SANCHEZ (hereinafter "Plaintiff"), an Illinois resident, on May 13, 2020 in the Eighth Judicial District in and for Clark County, District of Nevada. Plaintiff served her Summons on Petitioner on the very same date. At that time, Administrative Order 20-13 was in effect in Nevada, which recognized the COVID-19 emergency as constituting "'good cause' and 'excusable neglect' warranting the extension of time in non-essential civil-domestic case types" pursuant to Nevada Rule of Civil Procedure 6(b). Despite the clear provisions of the Administrative Orders in place, Plaintiff nonetheless moved for default against Walmart on June 17, 2020. Plaintiff never once served Petitioner with any notice of her intent to take default, let alone any three-day notice of intent to apply for default judgment. Accordingly, Petitioner filed an Answer on July 30, 2020 and a subsequent motion to set aside the ill-taken default on August 3, 2020. After full briefing on the issue, the Court granted Petitioner's motion to set aside the default on August 6, 2020. The Order granting said motion to set aside default was filed on September 25, 2020 and entered on September 28, 2020.  Now, this case is currently pending in that court. True and correct copies of Plaintiff's operative Complaint and Summons are attached hereto as **Exhibits "A" and "B,"** respectively. A copy of Petitioner's Answer is attached as **Exhibit "C."** A copy of Petitioner's original motion to set aside default is attached hereto as **Exhibit "D."** A copy of Petitioner's supplemental motion to set aside default is attached hereto as **Exhibit "E."** A copy of the filed order granting Petitioner's motion to set aside default is attached as **Exhibit "F."** A copy of the notice of entry of order to set aside the default is attached as **Exhibit "G."**

After Petitioner filed their Answer and the ill-taken default was taken by Plaintiff was undone, Plaintiff served a Petition for Exemption from Arbitration on September 4, 2020. A true and correct copy of Plaintiff's Petition for Exemption from Arbitration (hereinafter "Petition for Exemption") is attached hereto as **Exhibit "H**."

Plaintiff's September 4, 2020, Petition for Exemption is the "first paper" served on Petitioner from which removability may clearly be ascertained as the amount in controversy in this action exceeds $75,000.00. In this Petition for Exemption, Plaintiff stated that she entered and moved for default judgment on July 1, 2020, for **$233,051.64**. *See* Exh. H at 1:25-27. At that time, Petitioner was not a

1   party to this lawsuit and as stated above, was never served with any post-Complaint document indicating

2   that Plaintiff intended to take default, let alone apply for default judgment. Once it appeared, Petitioner

3   immediately answered and filed an emergency motion to set aside the default. This motion was granted

4   on September 3, 2020 due to Plaintiff's failure to put Petitioner on notice of her intent to take default,

5   as well as due to Petitioner's excusable neglect with respect to filing an answer given Administrative

6   Order 20-13's plain terms.

7        Based solely on Plaintiff's self-proclaimed statement that she seeks $233,051.64 in damages,

8   Plaintiff's damages far exceed $75,000.00. As such, the 28 U.S.C. §1446(b)'s $75,000.00 amount in

9   controversy requirement is met and as: (1) a year has not yet passed since Plaintiff filed her Complaint

10  on May 13, 2020; and (2) 30 days have not passed since Plaintiff first served Petitioner with a "paper"

11  indicating she was seeking in excess of $75,000.00, this Petition is timely.

12                                        III.

13       This Petition is timely filed pursuant to 28 U.S.C. §1446(b).

14                                        IV.

15       This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and

16  is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. §1441(a).

17                                        V.

18       Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this

19  action was commenced, a citizen of the State of Illinois.

20                                        VI.

21       Petitioner Walmart is, and was at the time this action was commenced, a Delaware corporation

22  with its principal place of business in the State of Arkansas. As such, Petitioner Walmart is a citizen of

23  the State of Delaware and citizen of the State of Arkansas.

24                                        VII.

25       The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred

26  after falling at Walmart Store No. 3473 located at 4505 W. Charleston Blvd, Las Vegas, Nevada, 89102.

27  . . .

28  . . .

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Plaintiff first confirmed in her Petition for Exemption that the amount in controversy exceeds $75,000.00. As stated above, Plaintiff first served Petitioner with a "paper" indicating she was seeking damages totaling **$233,051.64** when she served her Petition for Exemption from Arbitration on September 4, 2020. Exhibit "H" at 1:25-27. The Petition for Exemption constitutes the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000.00 federal diversity jurisdiction threshold. Therefore, Plaintiff's anticipated damages undoubtedly meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)(reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999)(holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

. . .

. . .

1    As such, it is wholly reasonable that these cumulative claims for damages and diversity of the

2    parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

3                                        **PRAYER**

4    WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth

5    Judicial District Court in and for Clark County, Nevada, to this Court.

6

7                        DATED this 29th day of September, 2020.

8                                **PHILLIPS, SPALLAS & ANGSTADT LLC**

9

10                               */s/ Latisha Robinson*

11                               ROBERT K. PHILLIPS, ESQ.
                                 Nevada Bar No. 11441
12                               MEGAN E. WESSEL, ESQ.
                                 Nevada Bar No. 14131
13                               LATISHA ROBINSON, ESQ.
                                 Nevada Bar No. 15314
14                               504 South Ninth Street
15                               Las Vegas, Nevada 89101

16                               *Attorneys for Defendant*
                                 *Wal-Mart Stores, Inc. dba Wal-Mart*
17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2020, I served a true and correct copy of the foregoing, **PETITIONER WAL-MART STORES, INC. DBA WAL-MART'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | PHONE/FAX | PARTY |
|---|---|---|
| RYAN ALEXANDER, ESQ.<br>Nevada Bar No. 10845<br>RYAN ALEXANDER, CHTD.<br>3017 W. Charleston Blvd., Ste. 58<br>Las Vegas, Nevada 89102 | Phone 702-868-3311<br>Fax    702-822-1133 | Plaintiff |

*/s/ Clarissa Reyes*

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC