# Exhibit "A"

*Complaint*

Electronically Filed
5/13/2020 4:24 PM
Steven D. Grierson
CLERK OF THE COURT

RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-20-814997-C
Department 26

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARTHA SANCHEZ, a, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation doing business as WAL-MART; DOES I-X, unknown persons; and ROE Corporations I-X;<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>(1) Negligence |

COMES NOW, Plaintiff MARTHA SANCHEZ ("Plaintiff" and "SANCHEZ"), by and through his attorney of record, Ryan Alexander, Esq., as and for her Complaint against Defendants WAL-MART STORES, INC., a Delaware Corporation, DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive (collectively, "Defendants"), and hereby complains, alleges and states as follows:

### PARTIES

1. Plaintiff MARTHA SANCHEZ is an individual who resides in Cook County, Illinois.

2. Defendant WAL-MART STORES, INC. is a Delaware Corporation doing business as WALMART in Clark County, Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES I-X, inclusive, and/or ROE CORPORATIONS I-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

4. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned hereinafter were acting

1

within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

5. The Defendants are jointly and severally liable for each defendant's actions.

## JURISDICTION AND VENUE

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

7. The exercise of jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

8. The incident for which Plaintiffs complains and for which Defendants are liable arises out of negligence of WALMART in Clark County, Nevada.

## GENERAL ALLEGATIONS

9. Defendant WAL-MART owns, operates, manages and controls the premises and building known as WAL-MART SUPERCENTER ("WALMART"), at 4505 W. Charleston Boulevard in Las Vegas, Nevada.

10. At all the times hereinafter mentioned, the defendant WALMART was in control of the management of said retail store and was held out to the public by the Defendant as the "proprietor" thereof.

11. Defendant WALMART employed attendants, to attend the common areas of the above mentioned premises, and to assist persons lawfully using said premises and maintaining the facilities.

12. On or about May 29, 2018, SANCHEZ was walking in WALMART as a customer when she slipped in liquid on the floor.

13. The liquid appeared to be standing water.

14. WALMART employees were located throughout the store, but none of the employees cleaned up the liquid, allowing it to remain wet and a slipping hazard.

15. Alternately, WALMART employees put the liquid on the floor themselves, causing the hazard.

16. There were no warning signs or cones indicating that a liquid was spilled on the floor.

17. Defendants knew or should have known that there was liquid on the floor and that it was a

hazard to invitees.

18. There were no caution signs or warnings of liquids on the floor.

19. There were no warnings that the floor was in an unsafe or slippery condition.

20. Plaintiff has suffered physical injuries as a result of the fall, including damage to his extremities, upper and lower back, and right knee. As a result of the incident, Plaintiff has suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

21. Plaintiff has incurred medical expenses in excess of $33,051 as a result of the fall.

22. Plaintiff suffered economic losses and adverse employment effects from the incident.

23. Plaintiff has incurred damages in excess of $15,000.

## FIRST CLAIM FOR RELIEF

*(Negligence)*

24. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

25. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clean and keep dry the grounds of said premises of said corporate defendant; in maintaining said floor in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to clean the floor of liquid; in maintaining said floor in a slippery condition, dangerous to the life and limb of persons using the same; in failing to use proper cleaning and maintenance standards, and to exercise proper care, or to remedy the slippery condition of the floor to the aforesaid premises with protective strips, coatings or warning signs and cones.

26. Defendants failed to maintain the floor of their facility in reasonably safe condition for use.

27. Defendants knew or should have known about the condition of the floor.

28. Defendants knew that broken merchandise, employees or other invitees of WALMART may cause debris or fluids to fall onto the floor and cause a danger to Plaintiff that was foreseeable.

29. Alternately, WALMART knew that employees may leave the floor in a wet or unsafe condition due to liquids.

30. Defendants and its attendants failed to take reasonable precautions against the foreseeable

3

dangerous condition caused by employees or other invitees.

31. Defendants failed to exercise due care for the safety of the Plaintiff or other patrons or employees of the WALMART on the premises.

32. Upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of liquids or slick substances on the floors being caused on the premises by other persons, or by broken merchandise, and the Defendant had notice or knowledge of those incidents.

33. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the floor was under the exclusive control of Defendants. If Defendants had cleaned or maintained the floor with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

34. As a result of Defendants' negligence, Plaintiff has suffered physical and emotional pain.

35. As such, Defendant is responsible for damages in excess of $15,000.00.

36. Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants, jointly and severally, as follows:

1. For judgment in an amount in excess of $15,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full; and
4. For such other and further relief as the Court may deem just and proper.

Dated May 13, 2020.                     RYAN ALEXANDER, CHTD.

                                        _____
                                        RYAN ALEXANDER
                                        Nevada Bar No. 10845
                                        *Attorney for Plaintiff*

Electronically Filed
5/13/2020 4:24 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-20-814997-C
Department 26

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARTHA SANCHEZ, an Individual;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; DOES I-X, unknown persons; ROE Corporations I-X,<br><br>　　　　　Defendants. | Case No.:<br>Dept. No.:<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to Nevada Revised Statutes, Chapter 19, filing fees are submitted herewith for parties appearing in the above-entitled action as indicated below:

<u>MARTHA SANCHEZ</u>　　　　　　　$ 270.00

**TOTAL REMITTED:**　　　　　　　$ 270.00

Dated this 13th of May, 2020.　　　　　RYAN ALEXANDER, CHTD.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RYAN ALEXANDER
　　　　　　　　　　　　　　　　　　Nevada Bar No. 10845
　　　　　　　　　　　　　　　　　　3017 West Charleston Blvd., Ste. 58
　　　　　　　　　　　　　　　　　　Las Vegas, NV 89102
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

-1-

# DISTRICT COURT CIVIL COVER SHEET

**Clark** County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

**CASE NO: A-20-814997-C**
**Department 26**

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Martha Sanchez | Wal-Mart Stores Inc. |
| | c/o Corporation Trust Co. of Nevada |
| | 701 S. Carson St. Ste 200 |
| | Carson City 89701 |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Ryan Alexander, Esq. • NV Bar No. 10845 | |
| RYAN ALEXANDER, CHTD. | |
| 3017 W. Charleston Blvd. Ste. 58, Las Vegas NV 89102 | |
| Phone: (702) 868-3311 Fax: (702) 822-1133 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☒ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |
| **Probate** | **Construction Defect & Contract** | **Judicial Review/Appeal** |
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |
| **Civil Writ** | | **Other Civil Filing** |
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

5/13/2020
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Case Number: A-20-814997-C